UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN A. FULLER, JR. on behalf of
himself and all those similarly situated,

Plaintiff,

vs.                                             Case No.

UNIFI AVIATION, LLC,

Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

BRYAN A. FULLER, JR. ("Fuller" or "Plaintiff") individually and on behalf of all others similarly situated, by his undersigned attorneys, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. UNIFI AVIATION, LLC. ("UNIFI") is a Delaware limited liability company that provides services at the Tampa International Airport in Tampa, Florida.

2. UNIFI's headquarters are in Atlanta, Georgia.

3. Fuller brings this action on behalf of himself and similarly situated current and former hourly non-exempt employees of UNIFI who elect to opt-in to

this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid minimum wages and overtime.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the FLSA.

5. This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and UNIFI does business within, this District.

## PARTIES

**Plaintiff**

8. Fuller resides in Pasco County, Florida and is a citizen of the State of Florida.

9. Fuller worked for UNIFI as an hourly non-exempt employee at Tampa International Airport ("TIA") from approximately May 28, 2021 through approximately June 12, 2023.

10. Fuller typically worked approximately forty hours or more per week for UNIFI's benefit.

11. Fuller was not paid the minimum wage for all hours worked, and was not paid overtime for all of the hours he worked over 40 in a workweek.

12. Fuller worked these hours pursuant to UNIFI's policy or practice of encouraging him and other hourly non-exempt employees to work full-time schedules, including overtime.

13. Fuller is a covered employee within the meaning of the FLSA.

14. Fuller files herewith a written consent to join this action.

**Defendant**

15. UNIFI is a Delaware limited liability with its headquarters located in Atlanta, Georgia. UNIFI maintains offices and does business in Tampa, Florida, among other places.

16. UNIFI is a covered employer as defined by the FLSA.

17. UNIFI employed Plaintiff and similarly situated employees within the meaning of the FLSA.

18. UNIFI has had substantial control over the working conditions of Plaintiff and similarly situated workers, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

19. UNIFI controlled Plaintiff's and similarly situated employees' terms and conditions of employment by determining their compensation, setting their hours, and assigning them their duties and responsibilities.

20. On information and belief, UNIFI's annual gross volume of sales made or business done is not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings the first and second Causes of Action, FLSA minimum wage and overtime claims, on behalf of himself and all similarly situated persons who work or have worked as hourly non-exempt employees for UNIFI at any time between July 18, 2020, and the date of final judgment, who did not receive the minimum wage for all hours worked and/or overtime for all hours worked over 40 in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "**FLSA Collective**").

22. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by UNIFI, and/or UNIFI has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

23. As part of its regular business practice, UNIFI has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    (a) Willfully failing to pay Plaintiff and the FLSA Collective the minimum wage for all hours worked;

    (b) Willfully failing to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of 40 hours per workweek; and

    (c) Willfully failing to record all of the time that Plaintiff and the FLSA Collective have worked for the benefit of UNIFI.

24. UNIFI is aware or should have been aware that federal and state law required it to pay Plaintiff and the FLSA Collective the minimum wage for all hours worked, and to pay an overtime premium for hours worked in excess of 40 per workweek.

25. UNIFI's conduct has been widespread, repeated, and consistent.

26. UNIFI is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the FLSA Collective.

27. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by UNIFI in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the

lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to UNIFI, are readily identifiable, and can be located through UNIFI's records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COLLECTIVE FACTUAL ALLEGATIONS

28. Plaintiff and the members of the FLSA Collective have been victims of a common policy and plan perpetrated by UNIFI that has violated their rights under the FLSA by denying them wages they are owed.

29. UNIFI enforced a policy and practice that if hourly non-exempt employees, voluntarily worked extra shifts, they would not be paid an overtime wage for those shifts even if those shifts put the employees over forty hours per workweek.

30. UNIFI automatically deducted one hour per eight-hour shift from each hourly non-exempt employee's pay, regardless of whether that employee actually took a one-hour break or not.

31. UNIFI did not keep accurate time records regarding the times that hourly non-exempt employees actually started and stopped working, and therefore did not accurately pay those employees for all hours worked.

## COUNT ONE
### Fair Labor Standards Act – Unpaid Minimum Wages
**(Brought on behalf of Plaintiff and the FLSA Collective)**

32. Fuller repeats and realleges paragraphs 1 through 31, as if fully set forth herein.

33. UNIFI failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

34. UNIFI has engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

35. At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

36. At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

37. At all times relevant, UNIFI has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

38. UNIFI was required to pay Plaintiff and the FLSA Collective the applicable minimum wage for all work performed from July 18, 2020, to the present.

39. As a result of UNIFI's violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of

such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

40. UNIFI's unlawful conduct, as described in this Complaint, has been intentional and willful. UNIFI was aware or should have been aware that the practices described in this Complaint were unlawful. UNIFI has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

41. Because UNIFI's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

42. Fuller repeats and realleges paragraphs 1 through 31, as if fully set forth herein.

43. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to UNIFI and protect Plaintiff and the FLSA Collective.

44. UNIFI has failed to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of 40 hours in a workweek.

45. As a result of UNIFI's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be

determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

46. UNIFI's unlawful conduct, as described in this Complaint, has been intentional and willful. UNIFI was aware or should have been aware that the practices described in this Complaint were unlawful. UNIFI has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

47. Because UNIFI's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

(a) That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

(b) Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

(c) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(d) Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

(e) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(f) An injunction requiring UNIFI to pay all statutory required wages pursuant to the FLSA;

(g) Unpaid minimum wages, overtime, and liquidated damages under the FLSA;

(h) Pre- and post-judgment interest;

(i) Attorneys' fees and costs of this action;

(j) Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted by,

*/s/Sam Y. Badwi, Esq.*
**SAM Y. BADAWI, ESQUIRE**
**BADAWI LAW**
*Attorney for Plaintiff*
Florida Bar Number: 120218
Primary: Sam@badawilaw.com
Secondary: admin@badawilaw.com
14505 University Point Place
Tampa, Florida 33613
Phone: (813) 508-8808
Fax: (813) 644-7152
